J-S68028-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM L. BARNETT | : | |
| | : | |
| Appellant | : | No. 456 WDA 2018 |

Appeal from the Judgment of Sentence February 20, 2018
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0001387-2016

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY DUBOW, J.:                FILED DECEMBER 31, 2018

Appellant, William L. Barnett, appeals from the Judgment of Sentence entered in the Cambria County Court of Common Pleas following his jury conviction of Possession With Intent to Deliver ("PWID") and Intentional Possession of a Controlled Substance by a Person Not Registered.[1]  On appeal, Appellant challenges the weight of the evidence.  After careful review, we affirm.

The underlying facts of this case are largely immaterial to our disposition.  Briefly, on March 31, 2016, officers with the Cambria County Drug Task Force arrested Appellant following a controlled drug-buy.  On January

_____

[1] 35 P.S. § 780-113(a)(30) and 35 P.S. § 780-113(a)(16), respectively.

_____

*   Former Justice specially assigned to the Superior Court.

17, 2018, a jury convicted Appellant of the above offenses, and acquitted him of one count of Criminal Use of a Communication Facility.[2]

On February 20, 2018, the court sentenced Appellant to an aggregate sentence of 21 to 42 months' incarceration. Appellant did not file a Post-Sentence Motion. This timely appeal followed.

Both Appellant and the trial court complied with Pa.R.A.P. 1925. In his Rule 1925(b) Statement, Appellant challenged the weight and sufficiency of the evidence in support of his conviction.

Appellant's sole claim on appeal, however, is that the jury's verdict was against the weight of the evidence. Appellant's Brief at 9-10. Before we reach the merits of this claim, we must determine whether Appellant has preserved it.

A weight of the evidence claim must be raised before the trial court pursuant to Pa.R.Crim.P. 607(A).[3] Our review of the record reveals that

_____

[2] 18 Pa.C.S. § 7512(a).

[3] A claim that a verdict is against the weight of the evidence must be raised in a motion for a new trial either (1) orally on the record, before sentencing; (2) in a written pre-sentence motion; or (3) in a post-sentence motion. Pa.R.Crim.P. 607(A). As noted above, there is no indication in the record Appellant raised his weight of the evidence claim in compliance with Rule 607. It appears Appellant first challenged the weight of the evidence claim in his Rule 1925(b) statement, which is insufficient for preserving it for appellate review. See Commonwealth v. Sherwood, 982 A.2d 483 (Pa. 2009). In Sherwood, the Supreme Court noted:

> Regarding [a]ppellant's weight of the evidence claim[,] we note that [a]ppellant did not make a motion raising a weight of the

Appellant did not timely and properly raise the weight of the evidence issue before the trial court, either orally on the record before sentencing, in a written pre-sentence motion, or in a post-sentence motion. The claim is, therefore, waived.[4]

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/31/2018

_____

       evidence claim before the trial court as the Pennsylvania Rules of Criminal Procedure require. See Pa.R.Crim.P. 607(A). The fact that [a]ppellant included an issue challenging the verdict on weight of the evidence grounds in his 1925(b) statement and the trial court addressed [a]ppellant's weight claim in its Pa.R.A.P 1925(a) opinion did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion.

Id. at 494 (footnote omitted).

[4] We also note that Appellant failed to comply with Rules 2117(c) and 2119(e). Nowhere did Appellant state how and when he raised the weight of evidence claim or how the trial court addressed it.